OPINION
Defendant-appellant Mark V. Christenson appeals the March 10, 1999 Judgment Entry of the Delaware County Court of Common Pleas which awarded a lump sum judgment against him. Plaintiff-appellee is the State of Ohio on behalf of Genessee County, Michigan, for Jill Ann Smoot, Genessee Friend of the Court.
 STATEMENT OF THE CASE AND FACTS
Appellant and Ms. Smoot were divorced in Dallas, Texas, in April, 1987. The trial court granted custody of their minor daughter to Ms. Smoot. Appellant was granted visitation rights and was ordered to pay child support in the amount of $350.00 per month. All payments were to be made through the Dallas County Child Support Office. In 1989, Ms. Smoot moved to Atlanta, Georgia, and subsequently disappeared with the child. Appellant was unable to locate his ex-wife and child, even with the assistance of a private investigator. Appellant saw the child again around Thanksgiving of 1997, and only after Ms. Smoot made contact with him. On April 3, 1997, appellee filed an Application to Register a Foreign Support Order pursuant to R.C. Chapter 3115, the Uniform Interstate Family Support Act (hereinafter "UIFSA"). In an April 7, 1997 Judgment Entry, the trial court ordered the foreign support order to be registered in the county unless either party objected to the registration within the statutorily prescribed time period. The order granted appellant twenty days after the mailing of the notice of registration in which to petition the court to vacate the registration or for other relief. On May 19, 1997, the clerk of courts certified the application and the April 7, 1997 Judgment Entry was mailed to appellant by ordinary mail. On June 5, 1997, appellant filed an objection to the application and a motion to vacate the registration of the foreign support order. The matter was set for hearing on August 6, 1997. In an August 7, 1997 Judgment Entry, the trial court noted appellant withdrew his objections to the registration and ordered the foreign order be registered. The order was confirmed by operation of law. On October 15, 1997, appellee filed a Motion to Show Cause and Motion for Lump Sum Judgment alleging appellant was $43,400 in arrears in child support as of September 30, 1997. A record hearing was scheduled for February 25, 1998. On January 30, 1998, appellant filed a Motion to Amend Support, alleging a change in circumstances. The motion was scheduled for hearing on February 25, 1998, and was subsequently continued to May 6, 1998. In a May 7, 1998 Judgment Entry, the trial court dismissed the Motion for Contempt and Lump Sum Judgment at the request of appellee. The record demonstrates no determination was made on appellant's Motion to Amend Support. On January 29, 1999, appellant filed a Motion for Modification of the Support Arrearage. The trial court set a hearing for April 5, 1999. On February 10, 1999, appellee filed another Motion for a Lump Sum Judgment, claiming the unpaid arrearage was $43,326.59 as of that date. The trial court set a hearing for March 3, 1999. Appellant filed a Motion to Consolidate the hearing on lump sum judgment with the hearing on modification of the support arrearage. Appellee responded to the motion, but the trial court made no ruling before the March 3, 1999 hearing on the motion to consolidate. In a March 9, 1998 Judgment Entry, the trial court granted a lump sum judgment against appellant in the amount of $42,794.07 plus poundage. However, this order was amended in a March 10, 1999 Judgment Entry, which corrected the figure to $42,653.53 plus poundage. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
 I. EVIDENCE REGARDING THE AMOUNT OF THE ARREARAGE WAS IMPROPERLY ADMITTED.
 II. THE EVIDENCE PRESENTED WAS INSUFFICIENT TO ENABLE THE COURT TO ESTABLISH A LUMP SUM JUDGMENT.
 III. THE TRIAL COURT ERRED WHEN IT FOUND THAT IT DID NOT HAVE JURISDICTION TO MODIFY THE AMOUNT OF THE ARREARAGE.
 IV. THE COURT ERRED AS A MATTER OF LAW BY FINDING THAT THE DOCTRINE OF LACHES DID NOT APPLY IN THIS CASE.
 I
In his first assignment of error appellant maintains the trial court erred in admitting evidence of the arrearage. We disagree. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely and error of law or judgment. State v. Adams (1980),62 Ohio St.2d 151, 157. At the hearing, appellee presented evidence of the arrearage through Jacki Cromwell, an employee of the Delaware County Child Support Enforcement Agency. Ms. Cromwell, appellee's only witness, testified she reviewed appellant's Child Support Enforcement Agency case and support file. The file contained an affidavit from Genessee County, Michigan, detailing arrearages in the case as of March 5, 1999. On cross examination, Ms. Cromwell admitted she did not know where the Genessee County Child Support Agency received its information regarding arrearages. Appellant did not object to Ms. Cromwell's testimony. Appellee moved to admit the Genessee County affidavit into evidence. Appellant objected based on a lack of foundation because Ms. Cromwell had no personal knowledge of the accuracy of the calculations or the methods by which the Genessee County Child Support Enforcement Agency prepared the affidavit. Appellant maintained there was insufficient evidence to establish the existence of any arrearages under these circumstances. The trial court stated it was satisfied with the documents given the very specialized nature of proceedings under UIFSA and admitted the affidavit into evidence. T. at 17. By definition, UIFSA contemplates interstate cooperation to effect an expeditious collection of child support across state boarders. R.C. 3115.15
requires the initiating tribunal to forward all accompanying documents to the responding tribunal. R.C. 3115.18(B)(3) requires a child support agency to make a reasonable effort to "gather all relevant information" on the case. The statute does not require a responding CSEA to conduct an independent review of each and every payment made in the case. This cooperative effort requires some reliance on agencies and tribunals in other jurisdictions. We find no abuse of discretion in the admission of the affidavit. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court based its judgment on insufficient evidence. We shall analyze this assignment of error under a manifest weight of the evidence standard. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Because the support order was properly registered and confirmed pursuant to Chapter 3115 of the Ohio Revised Code, and in light of our disposition of assignment of error number one, we find the trial court's decision was based on competent, credible evidence (i.e., the affidavit of Genessee County CSEA detailing arrearages). Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains the trial court erred in finding it had no jurisdiction to modify the amount of the arrearage. We do not agree. At the hearing, the following exchange occurred:
 THE COURT: OK, Anything further from either side? What we have here, in my opinion, I think we have all the facts out, certainly not the best facts in the world, as far as families interacting, but the statutory proceedings. The motion for the court is to enter lump sum judgment, together with [appellant's] motion to consolidate this type of hearing with the matter before the magistrate. I understand [counsel for appellant], your withdrawal that motion to modify arrearages.
[Counsel for appellant]: I am, your honor.
(emphasis added). T. at 34-35.
After reviewing the transcript, it becomes clear why appellant failed to cite the portion of the record evidencing the error complained of in his brief. The trial court did not overrule appellant's motion. Appellant withdrew his motion to modify the arrearage. Accordingly, we find appellant's argument herein is without merit. Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant maintains the trial court erred in failing to apply the doctrine of laches. Specifically, appellant argues he was materially prejudiced when his ex-wife disappeared with their child for a period of over ten years. We disagree. The decision of a trial court concerning the application of the doctrine of laches will not be reversed on appeal in the absence of an abuse of discretion. Payne v. Cartee (1996), 111 Ohio App.3d 580, 590, 676 N.E.2d 946, 952-953. An abuse of discretion is more than just an error in judgment, but rather implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Booth v. Booth (1989), 44 Ohio St.3d 142,144, 541 N.E.2d 1028, 1030-1031. Laches is an equitable doctrine. It has been defined by the Ohio Supreme Court as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. Connin V. Bailey (1984), 15 Ohio St.3d 34, 35 quoting Smith v. Smith (1959), 168 Ohio ST. 447. In Connin and Smith, the Court set forth those elements which must be established in order to successfully invoke this doctrine: Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim.
Connin, 15 Ohio St.3d at 35-36. See also: Smith, 168 Ohio St. at syllabus 3. Therefore, in order to prevail under the doctrine of laches, the party asserting it must show that (1) there has been an unreasonable delay in asserting the claim, and (2) this delay has caused material prejudice. The March 11, 1999 Judgment Entry granting the lump sum judgment did not include an analysis of the doctrine of laches. However, after hearing final arguments, the trial court stated:
 THE COURT: * * * The fact remains, there is a duty to support. I think that is recognized, if I'm not mistaken in all 50 states. That is regardless of emancipation during the custody, its' a parent's duty to support. * * * But there is nothing before the court this morning that prohibits me from favorably entertaining the petitioner's motion. The motion for lump sum judgment is hereby granted.
Although not explicitly stated, it appears the trial court found appellant was unable to demonstrate material prejudice arising out of Ms. Smoot's failure to assert her right to collect child support. Notwithstanding the delay, the duty to support the minor child remained. We see no abuse of discretion in the trial court's decision to not apply the doctrine of laches. Appellant's fourth assignment of error is overruled.
The March 11, 1999 Judgment Entry of the Delaware County Court of Common Plea is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur.