OFFICE OF DISCIPLINARY COUNSEL *v.* EWING.

[Cite as *Disciplinary Counsel v. Ewing* (1998), 83 Ohio St.3d 314.]

(No. 98–715—Submitted May 27, 1998—Decided September 30, 1998.)

316

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Charles W. Ewing, pro se.*

---

**Per Curiam.** We adopt the findings and conclusions of the board. Orders entered both by the common pleas court and the bankruptcy court specifically prohibited respondent from disbursing legal fees to himself from the trust funds. The order of August 29, 1991 as modified on October 16, 1991 provided that the company would not transfer assets without order of the common pleas court. In entering his 1992 order appointing respondent as counsel in the Chapter 11 case, the bankruptcy judge specifically deleted a paragraph which would have allowed respondent to compensate himself without prior court approval. Respondent therefore knew that the funds he held in his trust account could not be disbursed either to himself as legal fees or to the company for operating expenses without authorization from either the common pleas court which established the fund or the bankruptcy court which controlled the financial reorganization of ARC–O. Nevertheless, respondent chose to violate the orders of both courts.

We agree with the board's recommendation. Respondent is hereby disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.