DECISION
Charles W. Ewing appeals the decision of the Franklin County Court of Common Pleas finding him in contempt of court for removing funds from an escrow account. Ewing asserts that the trial court erred in its determination that the bankruptcy proceeding he filed did not divest the trial court of jurisdiction over the escrow account. We disagree based upon the authority ofState ex rel. Fisher v. Renters' Assistance Foundation (Nov. 12, 1993), Franklin App. No. 93AP-205, unreported. Ewing also asserts that Timothy O'Brien failed to show any loss as a result of his actions. We disagree because Ewing's actions denied O'Brien the benefit of a trust account established on his behalf. Ewing also asserts that the trial court erred by failing to rule that laches barred O'Brien's claim. We disagree because Ewing did not show that he was prejudiced by O'Brien's delay in asserting contempt. Finally, Ewing asserts that the trial court erred in failing to rule that collateral estoppel barred O'Brien's claim. Because O'Brien was neither in privity with a party nor a party in the previous contempt proceeding against Ewing, we disagree. Accordingly, we affirm the judgment of the trial court.
In 1991, O'Brien executed a written agreement loaning American Real Estate Co-Operatives ("ARCO") ten thousand dollars. ARCO breached the agreement shortly thereafter. In O'Brien's subsequent action to recover his ten thousand dollars, Ewing represented ARCO.
On April 14, 1992, the trial court granted O'Brien a default judgment for the full amount of the loan plus interest and court costs. However, the trial court recognized the possible conflict between O'Brien's judgment against ARCO and a pending action that the state brought against ARCO for violations of the Consumer Sales Practices Act. Specifically, the trial court noted that, in 1991, the state obtained a preliminary injunction that ordered ARCO not to transfer any assets that came into its possession at a closing ("the 1991 injunction.") Therefore, with the agreement of the state and O'Brien, the trial court ordered ARCO to deposit any future closing proceeds it earned into a trust account established by Ewing, and reserved judgment on the possible conflict. In its entry granting default judgment to O'Brien, the trial court permanently enjoined ARCO and Ewing from disbursing any proceeds from the trust account until the court resolved the conflict or issued an order ("the 1992 injunction.")
On May 18, 1992, Ewing disbursed ten thousand dollars from the trust account to himself as a retainer for his legal services. Ewing did not obtain a court order permitting him to withdraw the money from the trust account. On the same day, Ewing filed a Chapter 11 petition on ARCO's behalf in the United States Bankruptcy Court. Believing that the pending bankruptcy action stayed or voided the trial court's 1991 and 1992 injunctions against disbursements, ARCO or Ewing depleted the remainder of the trust account with disbursements to unidentified persons.
Upon learning of ARCO and Ewing's depletion of the trust account, the state filed a contempt action against ARCO and Ewing for their violation of the 1991 injunction. The trial court in that case found ARCO and Ewing to be in contempt of court, and this court affirmed. Fisher, supra.
On May 22, 1998, O'Brien filed this contempt motion against ARCO and Ewing for their violation of the 1992 injunction. ARCO did not enter an appearance in the contempt proceeding. Ewing appeared only on behalf of himself because his suspension and ultimate disbarment for mishandling the ARCO trust prevented him from representing ARCO in the contempt proceeding. The trial court found Ewing in contempt for violating the 1992 injunction. The court further ordered Ewing to purge himself of contempt by paying ten thousand dollars plus interest. Ewing appeals, asserting the following assignments of error:
 I. The trial court erred when it ruled that Appellant should have obtained a state court order to turnover the funds to the debtor in possession.
 II. The trial court erred when it penalized Appellant for actions taken while acting as attorney for the debtor in possession without receiving bankruptcy court approval.
 III. The trial court erred when it ruled that Appellant failed to provide evidence demonstrating that bankruptcy court had already precluded execution of judgment on similar state court matters.
 IV. The trial court erred by imposing a penalty on Appellant because O'Brien cannot show any loss as a result of Appellant's actions.
 V. The trial court erred when it ruled that Appellant failed to provide a sufficient basis to apply the doctrine of laches and statute of limitations.
 VI. The trial court erred when it ignored the fact that collateral estoppel bars this action.
Ewing treats his first three assignments of error as a single assignment in his brief, and we likewise address his first three assignments jointly. See App.R. 12(A)(2).
The basis underlying all three assignments of error is Ewing's contention that federal bankruptcy law divested the trial court of jurisdiction over the ARCO trust, stayed or voided the 1992 injunction, and required him to turn over all funds to the bankruptcy estate. Ewing presented the same argument to this court in appealing the contempt finding regarding the 1991 injunction. In rejecting Ewing's argument, we determined that "[e]ven if Ewing were correct in his interpretation that the Bankruptcy Code requires him to transfer the money to the bankruptcy estate, it was necessary that he obtain an order of the court allowing the funds to be removed." Fisher, supra.
Ewing did not present any evidence or arguments outlining differences between the 1991 and the 1992 injunctions that would serve to distinguish the holding and rationale ofFisher from this case. Both injunctions ordered Ewing not to disburse ARCO's assets, and Ewing violated both injunctions when he disbursed money from the trust account to himself and others.
Additionally, we note that the Supreme Court of Ohio specifically considered Ewing's argument regarding the superior jurisdiction of the bankruptcy court in deciding whether to disbar Ewing from the practice of law. Disciplinary Counsel v. Ewing
(1998), 83 Ohio St.3d 314. The court determined that the 1991 injunction, the 1992 injunction, and a bankruptcy court order regarding the viability of those injunctions all informed Ewing that he was prohibited from disbursing legal fees to himself from the trust funds. Id. at 316. The court held that the injunctions were not stayed or voided by the bankruptcy action and disbarred Ewing for his blatant violation of the injunctions. Id.
Based upon the above authority, we find that the 1992 injunction remained in full force despite the fact that Ewing filed a bankruptcy action on ARCO's behalf. Hence, the trial court did not err when it ruled that Ewing should have complied with the 1992 injunction by obtaining a court order before disbursing the trust funds, and we overrule Ewing's first assignment of error. Additionally, the trial court did not err by enforcing its own order without the approval of the bankruptcy court, and we overrule Ewing's second assignment of error. Finally, the trial court did not err by determining that no bankruptcy court judgment precluded it from enforcing its own order, and we overrule Ewing's third assignment of error.
In his fourth assignment of error, Ewing asserts that the trial court should not have penalized him for violating the 1992 injunction because O'Brien cannot show that he suffered any loss as a result of Ewing's conduct. Again, Ewing assumes in this assignment of error that he was required to turn the trust over to the bankruptcy court. Ewing reasons that, because he was required to turn the funds over to the bankruptcy court, O'Brien cannot show that he lost anything as a result of Ewing's illegal disbursement unless O'Brien proves that he would have recovered those funds through the bankruptcy proceeding. Because O'Brien did not file a claim in the bankruptcy court, Ewing concludes that O'Brien would not have recovered the funds and, thus, suffered no loss.
Ewing's argument fails because it is based upon a false premise. As we determined in examining Ewing's first, second and third assignments of error, Ewing was not required to turn the trust assets over to the bankruptcy court. Rather, Ewing was required to hold the assets in trust for the benefit of O'Brien and the state unless otherwise directed by court order. Due to Ewing's actions, O'Brien lost the benefit of the assets held in trust on his behalf. Accordingly, we overrule Ewing's fourth assignment of error.
In his fifth assignment of error, Ewing asserts that the trial court erred when it ruled that the statute of limitations or the defense of laches did not bar O'Brien's claim against him.
Ewing conceded in the trial court that he is not aware of any statute of limitations that applies to contempt proceedings and the trial court found that no statute of limitations applies to this contempt proceeding. On appeal, Ewing argues for the first time that the statute of limitations for fraud, conversion, or breach of an oral agreement applies to this case. However, issues not raised in the trial court are waived and may not be assigned as error on appeal. Van Camp v. Riley (1984), 16 Ohio App.3d 457,463. By failing to argue in the trial court that the statute of limitations for fraud, conversion, or breach of an oral agreement extended to this contempt proceeding, Ewing waived that argument on appeal. Accordingly, we find that Ewing is barred from pursuing the issue on appeal.
Ewing also asserts that the trial court erred in failing to find that laches barred O'Brien's action for contempt. To successfully assert the defense of laches, a party must establish that: (1) the opposing party unreasonably delayed in asserting a right, and (2) the delay materially prejudiced the party defending against that right. Connin v. Bailey (1984), 15 Ohio St.3d 34,35-36. The length of delay alone is insufficient to constitute material prejudice. Id. at 37. The determination of whether material prejudice resulted from a delay is a question of fact to be resolved by the trial court, and it will not be reversed absent a finding that the court's attitude was unreasonable, arbitrary, or unconscionable. Bitonte v. Tiffin Savings Bank (1989),65 Ohio App.3d 734, 739.
The trial court determined that Ewing failed to establish that he was prejudiced by O'Brien's delay in asserting his claim. Ewing supported his argument that laches applies by stating that O'Brien did not bring this action in the bankruptcy court because O'Brien would have lost in the bankruptcy court. However, Ewing overlooks the fact that the bankruptcy action had no effect upon O'Brien's judgment against ARCO or the assets that Ewing was instructed to hold in trust. Thus, O'Brien's failure to act in the bankruptcy court did not prejudice Ewing in this case. We find that the trial court did not abuse its discretion in concluding that Ewing failed to demonstrate that he was materially prejudiced by O'Brien's delay in bringing this contempt action. Accordingly, we overrule Ewing's fifth assignment of error.
In his sixth and final assignment of error, Ewing asserts that the trial court erred when it failed to find that collateral estoppel bars O'Brien's action for contempt.
To successfully assert collateral estoppel, a party must prove that: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) a final judgment on the merits in the previous case was entered after a full and fair opportunity to litigate the issue; (3) the issue was admitted or actually tried and decided and necessary to the final judgment; and (4) the issue is identical to the issue involved in the prior suit. LaBonte v. LaBonte (1988), 61 Ohio App.3d 209,216. In this case, O'Brien was not in privity with the state in the state's contempt action against Ewing, and O'Brien was not a party to the previous contempt action against Ewing. Therefore, we find that the trial court did not err in refusing to apply the doctrine of collateral estoppel to bar O'Brien's contempt action. Accordingly, we overrule Ewing's sixth assignment of error.
In conclusion, we find that none of Ewing's assignments of error have merit. Accordingly, we overrule appellant's six assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
BOWMAN, P.J., and TYACK, J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Franklin County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
For the Court
 ________________________________ Roger L. Kline, Judge