ORDER

Charles Ewing, an Ohio resident, appeals a district court judgment dismissing his complaint for abuse of process and malicious prosecution filed under 42 U.S.C. § 1983 and 28 U.S.C. § 959. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
In a complaint filed October 4, 2002, Ewing alleged that the defendant acted wrongfully in seeking an order holding Ewing in contempt of court in a state court *782 case. The defendant filed a motion to dismiss arguing that Ewing sought to re-litigate matters that had already been decided by other courts. The district court granted the defendant’s motion in an order filed August 19, 2003. This appeal followed.
We review de novo a district court’s dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999). We must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. Id. Dismissal is proper only if it is clear that the plaintiff could present no set of facts consistent with his allegations that would entitle him to relief. Id.
Upon review, we conclude that the district court properly dismissed Ewing’s complaint for the reasons stated by that court. First, Ewing’s complaint is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir.1995). The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated. Richards v. Jefferson County, Ala., 517 U.S. 793, 797 n. 4, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996). Ewing’s complaint brings directly at issue whether the state court had authority to hold him in contempt for disbursing funds from a trust account. This matter has been decided no less than three times, with each court rejecting Ewing’s argument. See Disciplinary Counsel v. Ewing, 83 Ohio St.3d 314, 699 N.E.2d 928 (1998); O’Brien v. Am. Real Estate Cooperatives, CMH, Inc., No. 99AP-1010, 2000 WL 757457 (Ohio Ct.App. June 13, 2000); See State ex. rel. Fisher v. Renter’s Assistance Found., No. 93AP-205, 1993 WL 464616 (Ohio Ct.App. Nov. 12,1993), unreported.
Second, although Ewing for the first time in this action brings claims for abuse of process, malicious prosecution, and violations of § 1983, these claims are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine, derived from Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), decrees that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims which are “inextricably intertwined” with issues decided in state court proceedings. See Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 390 (6th Cir.2002). It is readily apparent that Ewing’s federal claims succeed only to the extent that the state courts wrongly found Ewing in contempt. His federal claims for relief could be predicated only upon a determination that the state courts were wrong. Ewing seeks to undermine the state court’s order by having a federal court hold that O’Brien violated the law in seeking an order of contempt. Were this court to provide the relief sought by Ewing, the court would, in substance, be reviewing and overturning the state court contempt order. As the Rooker-Feldman doctrine makes clear, in our federal system, neither the district court nor this court may sit in appellate review of a state court’s adjudication. Ewing had an opportunity for appeal, and that opportunity resided in state court. Indeed, Ewing took advantage of that opportunity, although unsuccessful. He may not now seek to use this court’s federal question jurisdiction to further appeal the state court judgment of contempt.
*783 Third, Ewing’s claims were properly dismissed as time-barred. In Ohio, a claim for abuse of process must be brought within four years. See Ohio Rev.Code § 2305.09. A claim for malicious prosecution in Ohio is subject to a one-year statute of limitations. See Ohio Rev.Code § 2305.11. Section 1983 claims brought in a federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev.Code § 2305.10. Here, Ewing’s cause of action accrued when O’Brien filed for an order of contempt on May 22, 1998. Ewing did not file this action until October 4, 2002, more than four years later.
Finally, Ewing’s claim brought under 28 U.S.C. § 959 was properly dismissed. Section 959 provides that “[tjrustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.” There is no allegation in the complaint that defendant O’Brien is a trustee, receiver or manager of any properly, or a debtor in possession.
Accordingly, the district court’s judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.