CONNIN, APPELLEE, *v.* BAILEY, EXECUTOR OF THE ESTATE OF CONNIN, APPELLANT.

[Cite as Connin *v.* Bailey (1984), 15 Ohio St. 3d 34.]

(No. 84-560—Decided December 13, 1984.)

*Messrs. Gallagher, Milliken & Stelzer* and *Mr. John C. Milliken,* for appellee.

*Messrs. Newcomer, Shaffer, Geesey & Hutton* and *Mr. Wayne E. Shaffer,* for appellant.

*Ms. Kathy L. Ellison,* urging affirmance for *amicus curiae,* Ohio National Organization for Women Legal Defense and Education Fund.

*Per Curiam.* The sole issue presented is whether the doctrine of laches constitutes a complete defense to a claim, instituted after some thirty-five years, to recover arrearages in child support and alimony against decedent's estate. This court concludes that, based on this record, the doctrine of laches does not operate to bar this claim.

The applicable law is not in dispute. "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence." *Smith* v. *Smith* (1957), 107 Ohio App. 440, 443-444 [8 O.O.2d 424].

In order to invoke the doctrine of laches, the following, as set forth in *Smith* v. *Smith* (1959), 168 Ohio St. 447 [7 O.O.2d 276], paragraph three of the syllabus, must be established:

"Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be

shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." Accord *Kinney* v. *Mathias* (1984), 10 Ohio St. 3d 72.

The question in this case thus becomes whether facts have been stated to persuade the conscience of the court to grant appellant relief from the rights asserted by appellee. This court would stress that the facts of this case are basically undisputed.

Unquestionably, appellee waited thirty-five years to prosecute her claim against the decedent. Appellee offered an acceptable explanation for this delay, however. Appellee testified as to the time and expense involved in going to court on this matter; each court appearance required her to take time off from work, pay train and bus fare and additional expenses, resulting in financial hardship to her children as well as to herself. The record indicates without contradiction that appellee's consistent, good-faith efforts to recover delinquent support payments were to no avail. Under these facts, appellee's explanation for the delay—that she did not further pursue the matter through the courts after 1946 because her previous attempts had been costly but nonetheless fruitless—is indeed reasonable. Thus, while appellee had knowledge of the decedent's whereabouts and his conduct, the record firmly establishes that she never acquiesced to her former husband's failure to make support payments. (Cf. *Beiter* v. *Beiter* [1970], 24 Ohio App. 2d 149 [53 O.O.2d 361].)

Moreover, appellant failed to convincingly show that the delay caused any material prejudice.[1] In attempting to meet this burden, appellant notes rather amorphously the loss of relevant records, as well as the death of a party and the thirty-five year delay to enforce this claim. Appellant made no effort to demonstrate, however, that records ever existed to show payment or to show that agreements were made respective to payment. In this regard, it is noted that the court specifically mandated that payment of both the alimony and child support award be made through the Williams County Clerk of Courts. And, while there can be no dispute that Bernard Connin is indeed dead, appellant has suggested no set of facts to show how his death has materially prejudiced this case.

Quite simply, the primary focus of appellant's claim of laches is the thirty-five year time interval in which appellee chose not to pursue her rights. Appellant has not made any attempt to show, and the record is devoid of any evidence pertaining thereto, that material prejudice resulted from the delay. As discussed above, delay in and of itself in asserting a right does not constitute laches—length of time alone is insufficient to constitute a material prejudice. *Kinney* v. *Mathias, supra,* at 75. As was

---

[1] In *Smith, supra* (168 Ohio St.), at 455 the court allocated the burden of proof by stating as follows:

"* * * [T]he person asserting the claim must show that he has been materially prejudiced by the delay of the adverse party in asserting his rights."

stated in *Smith, supra* (168 Ohio St.), at 457, "[t]he mere inconvenience of having to meet an existing obligation imposed * * * by an order or judgment of a court of record at a time later than that specified in such * * * order cannot be called material prejudice." Clearly, then, as a matter of law, the assertions of hardship asserted by appellant are insufficient to rise to the level of prejudice necessary to entitle him to relief through the application of the doctrine of laches.

The decision of this court today is supported by strong policy reasons. The rationale of the *Smith* court expressed at 456-457 is equally pertinent to this case and as poignant today as it was in 1959:

"Defendant [father] was instrumental in bringing into the world the child for whom the benefit of the support money was intended, and he assumed, in addition to the natural duties of a parent, a statutory duty to support the child until emancipation or majority. The weekly support order merely put a price tag on the statutory duty already existent. The defendant knew of the existence of his obligation of support * * * and the extent of such obligation was fixed by * * * the judgment of divorce. The mere fact that he failed to meet such obligation does not mean that he was excused therefrom; it simply means that someone assumed his duty of support, for, in the absence of evidence to the contrary, the court will presume that the child was clothed, fed and generally accorded the necessities of life, the payment for which the weekly support money was intended."

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.