Appellant Michael Bourn has appealed from a judgment of the Summit County Common Pleas Court, Domestic Relations Division, which ordered him to pay $11,994.15 in child support arrearages. This Court affirms.
 I.
On February 1, 1980, Erica was born to Appellant and Appellee Vicki Bourn, n.k.a. Vicki Oldham. On April 10, 1981, a judgment of divorce was entered between the parties, wherein Appellee was awarded custody of Erica while Appellant was granted visitation privileges and ordered to pay child support.
Later that year, Appellee initiated a contempt of court proceeding against Appellant, claiming an arrearage on child support payments. Nevertheless, that proceeding was dismissed on January 11, 1982 by the trial court due to the Summit County Prosecutor's office, Child Support Enforcement Agency's (CSEA) inability to locate Appellant.
On September 5, 1986, Erica was adopted by her step-father through an action filed in probate court. The proceedings were uncontested.
Over twelve years later, on February 19, 1999, CSEA, acting on behalf of Appellee, filed a motion for a money judgment, claiming Appellant owed $12,690.15 in child support for the time period between March 13, 1981 to September 4, 1986. However, on April 28, 1999, CSEA filed a notice of withdrawal of that motion because Appellee could not "be located."
On October 5, 1999, Appellant filed a motion for determination of child support arrearages. The matter was assigned to a magistrate, and a hearing was conducted. The magistrate then issued its decision, awarding $11,994.15 to Appellee. Appellant filed objections to the magistrate's order, which the trial court subsequently overruled. In that same order, the trial court also adopted the magistrate's decision. Appellant timely appealed, asserting two assignments of error.
 II. First Assignment of Error
 The court erred as a matter of law and abused its discretion in its finding that [Appellee] and/or [CSEA] are not barred pursuant to Civ.R. 41(A)(1) from claiming a judgment against [Appellant] for child support arrearages that may have accrued prior to the entry of the order of adoption on September 5, 1986.
For his first assignment of error, Appellant has challenged the trial court's order which rejected his claim that Civ.R. 41(A) operates to bar Appellee from pursuing him for child support arrearages. In short, Appellant has argued that the January 11, 1982 order and the April 28, 1999 notice of withdrawal were both dismissals pursuant to Civ.R. 41(A)(1), thus triggering the two-dismissal rule barring further action by Appellee. In response, Appellee readily conceded that the second dismissal, dated April 28, 1999, was pursuant to Civ.R. 41(A)(1). On the other hand, Appellee has claimed that the 1981 contempt proceeding was dismissed by court order, pursuant to Civ.R. 41(A)(2), not Civ.R. 41(A)(1). Thus, the question before this Court is whether the January 11, 1982 document constitutes a notice of dismissal pursuant to Civ.R. 41(A)(1) or a court order dismissing the proceeding pursuant to Civ.R. 41(A)(2).
To begin, this Court would note that Civ.R. 41(A) provides two bases for voluntary dismissal: by the plaintiff under Civ.R. 41(A)(1) and by order of the court under Civ.R. 41(A)(2). Civ.R. 41(A)(1) provides, in pertinent part:
 [A]n action may be dismissed by the plaintiff without order of court * * * by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *. Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.
Conversely, Civ.R. 41(A)(2) provides that "[e]xcept as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." That rule further states, "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
No one factor necessarily is determinative of whether a dismissal document effects dismissal by notice under Civ.R. 41(A)(1) or by court order under Civ.R. 41(A)(2). See International Computing ElectronicEng. Corp. v. Ohio Dept. of Adm. Serv. (May 9, 1996), Franklin App. No. 95API11-1475, unreported, 1996 Ohio App. LEXIS 1862, at *9. However, factors that courts have found relevant include the title of the document, the language employed and the existence and placement of signature lines. See id.
As such, it becomes incumbent on this Court to review the document in question. The entry was titled "DISMISSAL JOURNAL ENTRY." It reads as follows:
 IT IS HEREBY ORDERED that the contempt hearing in the above-captioned case scheduled for December 10, 1981 be DISMISSED for reason that Defendant cannot be located.
Richard V. Zurz, JUDGE
APPROVED: [counsel for CSEA]
This Court cannot ignore the title, substantive language or fact that the trial court has signed the dismissal document. Facially, this entry was an order by the trial court dismissing the proceeding, with the approval of CSEA. Moreover, there is no indication in the record that no other motion, notice or legal document had been submitted to prompt the January 11, 1982 ruling. Thus, this Court holds that the January 11, 1982 document was an order dismissing the case pursuant to Civ.R. 42(A)(2). As such, the Civ.R. 41(A)(1) two-dismissal rule has no application in this case. Appellant's first assignment of error is overruled.
Second Assignment of Error
 The trial court erred as a matter of law and abused its judicial discretion in its finding and order that any claim for child support arrearages is not barred by the doctrine of laches.
For his second assignment of error, Appellant has argued that the trial court abused its discretion by failing to find that Appellee's claim for child support arrearages was barred by the equitable defense of laches. Appellee has opposed his arguments, claiming that Appellant cannot satisfy the elements of laches.
Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. Connin v. Bailey (1984), 15 Ohio St.3d 34, 35. This Court would add that delay alone in asserting a right does not constitute laches. Id. at 35-36. Rather, one must show that he or she has been materially prejudiced by the delay of the person asserting the claim.Id. "A determination of laches is normally left to the discretion of the trial court." Allen v. Allen (1990), 62 Ohio App.3d 621, 624.
In the present case, the trial court did not abuse its discretion in determining that the equitable defense of laches did not bar Appellee's claim for child support arrearages. While Appellant has demonstrated an unreasonable delay in Appellee's assertion of her rights, he has failed to show that he was materially prejudiced by that delay. Appellant has suggested that he was deprived of a father/daughter relationship, yet the record is devoid of any evidence that he sought such a kinship. Otherwise, the primary focus of Appellant's claim for laches is the twelve year time interval in which Appellee chose not to pursue her rights. As noted above, "[t]he mere inconvenience of having to meet an existing obligation imposed * * * by an order or judgment of a court of record at a time later than that specified in such * * * order cannot be called material prejudice." Connin, 15 Ohio St.3d at 37, quoting Smithv. Smith (1959), 168 Ohio St. 447, 457. Thus, this Court holds that the trial court did not make an unreasonable or arbitrary decision in finding the doctrine of laches inapplicable. Appellant's second assignment of error is without merit.
 III.
Appellant's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., SLABY, J., CONCUR.