I concur with the majority's affirmance of summary judgment and write separately to provide an additional basis which supports the trial court's action. The City alleges that BP violated the terms of the lease from its inception in 1988. The City allowed the parking to continue for a decade before it filed suit. Thus, the doctrine of laches applies in this case. Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence. Connin v. Bailey (1984), 15 Ohio St.3d 34, 35.
The City's unreasonable delay in pursuing its claim prejudiced BP because BP is unable to correct the violation or provide records to calculate how many cars parked in the lot in violation of the terms of the lease.
Furthermore, I agree with the majority that the City is responsible for any ambiguity found in the language of the lease. The ordinance which authorized the lease with BP specified that the lease shall be prepared by the Director of Law and shall contain such additional provisions as she deems necessary to benefit and protect the public interest. Cleveland City Ordinance No. 1554-88. Clearly, it was incumbent upon the director of law to capitalize the word Airport or say city-owned parking facilities if that was the City's intention to benefit the public interest.