OPINION
{¶ 1} Appellants John and Pamela Bookman appeal the decision of the Court of Common Pleas, Richland County, which ruled in favor of Appellees George and Dorothy Mitchell in a dispute over the construction of a barn on appellants' property. The relevant facts leading to this appeal are as follows.
 {¶ 2} In November 1994, appellants commenced purchase, via land contract, of parcel "F" of a subdivision of building lots from the Mitchell Family Trust. The area in question is located in Worthington Township, Richland County. It is undisputed that certain amended deed restrictions were thereafter executed, providing that each lot in the subdivision shall have a minimum "setback" line of twenty feet from each side parcel.
 {¶ 3} In November 2002, subsequent to the execution of the setback restrictions, appellants began construction on a barn on parcel F. The construction period lasted several weeks. It is further undisputed that one edge of the barn is just four feet from the parcel line of appellants' adjoining property owner, Mary Oare. Appellants received no protests or complaints about the new barn until construction was completed.
 {¶ 4} On November 21, 2003, Appellees George and Dorothy Mitchell filed a complaint against appellants, alleging violation of the setback deed restrictions. Appellants duly answered on November 30, 2003. On June 7, 2004, appellees amended their complaint to add neighbor Mary Oare as a plaintiff.
 {¶ 5} The matter proceeded to a trial before a magistrate on February 4, 2005. The magistrate issued a decision on April 22, 2005, recommending judgment in favor of appellees on their complaint, thus requiring appellants to move or take down their barn. On May 6, 2005, appellants filed an objection to the magistrate's decision, pursuant to Civ.R. 53(E). Appellants further requested leave to file a more specific memorandum in support of their objection after the preparation of the trial transcript. On May 11, 2005, appellees filed a response to appellants' objection, also requesting leave to file a more specific memorandum in the future.
 {¶ 6} A transcript of the trial to the magistrate was filed on June 17, 2005. Appellants filed their memorandum in support of objection on October 27, 2005. On October 28, 2005, the court issued a judgment entry overruling the objections and adopting the magistrate's decision.
 {¶ 7} Appellants filed a notice of appeal on November 23, 2005. They herein raise the following sole Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN FAILING TO APPLY THE DOCTRINE OF LACHES AS A BAR TO PLAINTIFF'S COMPLAINT AND PRAYER FOR RELIEF.
 I. {¶ 9} In their sole Assignment of Error, appellants argue the trial court erred in denying them the defense of the doctrine of laches as to appellees' post-construction complaint regarding the barn's location. We disagree.
 {¶ 10} Laches has been defined by the Ohio Supreme Court as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Connin v. Bailey (1984), 15 Ohio St.3d 34,35, 472 N.E.2d 328 quoting Smith v. Smith (1959),168 Ohio St. 447, 156 N.E.2d 113. Delay in asserting a right does not of itself constitute laches. Zartman v. Swad, Fairfield App. No. 02CA86, 2003-Ohio-4140, ¶ 51, citing Connin, supra, at 35-36. The decision of a trial court concerning the application of the equitable doctrine of laches will not be reversed on appeal in the absence of an abuse of discretion. Payne v. Cartee (1996),111 Ohio App.3d 580, 590, 676 N.E.2d 946, 952-953. An abuse of discretion is more than just an error in judgment, but rather implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028, 1030-1031.
 {¶ 11} The magistrate herein found that Ms. Oare, the neighbor, did not immediately complain about the barn, which was the first permanent structure on appellants' parcel, because she was not aware that all of the parcel owners on the former Mitchell Trust tract were subject to the same setback restrictions. See Decision at 3. Appellee Mitchell first noticed lumber lying on appellants' property in November 2002. Id. at 2. Mitchell first observed that the barn was in apparent violation of the setback provision in late March 2003. Id. He therefore issued a letter in early April 2003 to the various parcel owners reminding them of the deed restrictions. Id. At one point, Mitchell also spoke by telephone to Appellant Pamela Bookman about the deed violation. Id. at 3. On June 25, 2003, Attorney Charles Lynch wrote appellants a letter on behalf of Mitchell, demanding that the barn be relocated. Id. On September 10, 2003, a little more than two months before the filing of the suit, Mitchell wrote another letter seeking resolution of the matter in lieu of court action. Id.
 {¶ 12} Upon review, we find the magistrate's aforesaid findings are amply supported by the record, particularly noting the barn was built at a time of year when fewer daylight hours and harsher weather would likely have restricted opportunities for observation of the construction. See, e.g., Tr. at 28, 112. Accordingly, we find no abuse of discretion in the court's implicit conclusion that there was no unreasonable delay by appellees in asserting their rights under the deed restrictions, thus denying appellants a laches defense. Appellant's sole Assignment of Error is therefore overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J., Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to Appellants Bookmans.