[Cite as *Culp v. Rogstad* , 2011-Ohio-4274.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DONNA CULP

      Petitioner-Appellee

-vs-

KEVIN R. ROGSTAD

      Respondent-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 11-CA-16

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Division of Domestic Relations Case No. 2009 DR 0253 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 25, 2011 |

APPEARANCES:

For Petitioner-Appellee

For Respondent-Appellant

DIANE D. EINSTEIN
Einstein & Poling, LLC
5940 Wilcox Place, Suite F
Dublin, Ohio 43016

RANDY S. KUREK
130 East Chestnut Street, Suite 402
Columbus, Ohio 43215

NANCY A. UTZ
c/o Licking County Child Support
Enforcement Agency
65 East Main Street
P.O. Box 338
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}   Respondent-appellant Kevin Rogstad appeals the January 5, 2011 Judgment Entry entered by the Licking County Court of Common Pleas, Domestic Relations Division, which ordered a Texas child support order be registered in the State of Ohio for enforcement.  Petitioner-appellee is Donna Culp.

STATEMENT OF THE CASE AND FACTS

{¶2}   On February 25, 2009, Appellee filed a Notice of Registration pursuant to R.C. 3115.39 and 3115.42 in the Licking County Court of Common Pleas, Domestic Relations Division, seeking to register a Final Decree of Divorce issued in Case No. 5642-90 by the 18th Judicial District of Johnson County, Texas. Appellant filed a written request for a hearing.

{¶3}   The matter came on for hearing before the magistrate on July 29, 2009. The following evidence was adduced at the hearing.

{¶4}   The parties were married on October 11, 1986.  One child was born as issue of said union. Appellee had a child from a prior relationship whom Appellant adopted during the course of the marriage.  Appellee was on active duty in the U.S. Air Force, and received an assignment to Germany.  The parties and the children moved to Germany in June, 1989. Within days of the parties' arrival in Germany, Appellant advised Appellee he wished to return to the United States as soon as possible. Appellant stayed in Germany until March or April, 1990. While there, Appellant worked for the Red Cross.  Appellant left Germany, promising he would not be a "deadbeat dad." Since returning to the United States in 1990, Appellant has had no contact with the children.

**{¶5}** Appellant and Appellee were divorced on February 6, 1991, in the District Court, Johnson County, Texas, 18th Judicial District. Appellee was designated the sole managing conservator for the children. Appellant was designated as the possessery conservator. Appellant was ordered to pay child support in the amount of $104.71/week directly to Appellee. The Divorce Decree mandated if either party moved from the address used in court records at the time of the hearing, he/she must inform the Texas court of his/her new address and phone number 30 days prior to the move. Appellee did not inform the Texas court of her location from the time of the divorce hearing until 2007. Appellant provided the Texas court with his father's address, his brother's address, and a Connecticut address.

**{¶6}** Appellee testified she made numerous attempts to find Appellant, but to no avail. Appellee also contacted the Texas court to inquire as to why she was not receiving child support. She was informed the court had not received any monies from Appellant or his employer. While living in the states of North Carolina and Virginia, Appellee sought help from local child support enforcement agencies. These agencies were unable to assist her as she did not have a current address for Appellant. Paternal grandparents visited with the children when Appellee and the children visited maternal grandparents. Paternal grandparents also traveled to Virginia and visited the children. Appellant, on the other hand, stated he attempted to find Appellee in 1992, or 1993, and hired an attorney to assist him in his search.

**{¶7}** Via Decision filed May 3, 2010, the magistrate found neither the "clean hands doctrine" nor the defense of laches applies. The magistrate recommended the foreign order from the State of Texas be registered. Appellant filed timely objections to

the magistrate's decision. Appellee filed a memorandum contra. The parties filed supplemental pleadings after the preparation of the hearing transcript. Via Opinion filed November 17, 2010, the trial court overruled Appellant's objections, finding the magistrate had properly determined the factual issues and appropriately applied the law. The trial court issued a judgment entry on January 5, 2011, ordering the child support order from the State of Texas be registered to the State of Ohio, for enforcement.

{¶8} It is from this judgment entry, Appellant appeals, raising the following assignments of error:

{¶9} "I. THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND WAS CONTRARY TO LAW, AS IT RELATED TO THE DEFENSE OF LACHES.

{¶10} "II. THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND WAS CONTRARY TO LAW, IN THAT PETITIONER-APPELLEE HAD 'UNCLEAN HANDS', WHICH BARRED HER CLAIM FOR RELIEF FROM A COURT OF EQUITY."

I

{¶11} In his first assignment of error, Appellant contends the trial court's finding the doctrine of laches did not apply was against the manifest weight of the evidence. We disagree.

{¶12} "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 472 N.E.2d 328, quoting

*Smith v. Smith* (1957), 107 Ohio App. 440, 443, 8 O.O.2d 424, 146 N.E.2d 454. Delay alone, in asserting a right does not constitute laches. *Connin*, supra. Laches is predominantly a question of fact to be resolved according to the circumstances of each individual case and, as such, is within the sound discretion of the trial court. *Bitonte v. Tiffin Sav. Bank* (1989), 65 Ohio App.3d 734, 739, 585 N.E.2d 460. Therefore, we must examine whether the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140."

**{¶13}** Based on the procedural history of this case, it does not appear to us the trial court's rejection of the laches defense was unreasonable, arbitrary, or unconscionable. Laches involves two elements: (1) an "omission to assert a right for an unreasonable and unexplained length of time;" (2) "under circumstances prejudicial to the adverse party." *Connin,* supra at 35. Under the second element "it must be shown that the person for whose benefit the doctrine will operate has been *materially* prejudiced by the delay of the person asserting his claim." Id. at 35-36. (Emphasis added).

**{¶14}** We find the trial court did not abuse its discretion in finding the doctrine of laches did not apply. The evidence established Appellee made numerous attempts throughout the years to find Appellant. She sought assistance from various state child support enforcement agencies. However, without Appellant's address, those agencies were unable to assist her. Further, Appellant failed to show he was materially prejudiced by the delay. Appellant's claim he was prejudiced as he was prevented from developing

a relationship with the children is unpersuasive. Appellant has not presented any evidence he attempted to enforce visitation with the children.

{¶15} Appellant's first assignment of error is overruled.

II

{¶16} In his second assignment of error, Appellant maintains the trial court's finding the doctrine of unclean hands did not bar Appellee's claim was against the manifest weight. Appellant submits Appellee had "unclean hands" as she failed to provide the Texas court with her current addresses for a period of 16 years; therefore, she should be barred from asserting a claim for equitable relief.

{¶17} "[I]t is fundamental that he who seeks equity must do equity, and that he must come into court with clean hands." *Christman v. Christman* (1960), 171 Ohio St. 152, 154, 168 N.E.2d 153. This maxim "requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject-matter of his suit." *Kinner v. Lake Shore & Michigan S. Ry. Co.* (1904), 69 Ohio St. 339, 69 N.E. 614, paragraph one of the syllabus. "Thus, for the doctrine of unclean hands to apply, the offending conduct must constitute reprehensible, grossly inequitable, or unconscionable conduct, rather than mere negligence, ignorance, or inappropriateness." *Wiley v. Wiley,* Marion App. No. 9-06-34, 2007-Ohio-6423, ¶ 15. Furthermore, "the unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted misconduct." *Safranek v. Safranek,* 8th Dist. No. 80413, 2002-Ohio-5066, ¶ 20, citing *Miller v. Miller* (1993), 92 Ohio App.3d 340, 348-349, 635 N.E.2d 384. In order for the doctrine to bar a party's claims, the party must be found to be at fault in

relation to the other party and in relation to the transaction upon which the claims are based.

**{¶18}** Although we agree with Appellant, Appellee violated her duties under the Texas divorce decree by failing to advise the Texas court of her address changes, we, nonetheless, find such failure did not have any relation to Appellant's duty to pay the child support order to Appellee.

**{¶19}** Appellant's second assignment of error is overruled.

**{¶20}** The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to Appellant.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Julie A. Edwards
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DONNA CULP                                  :
                                            :
    Petitioner-Appellee              :
                                            :
-vs-                                        :          JUDGMENT ENTRY
                                            :
KEVIN R. ROGSTAD                            :
                                            :
    Respondent-Appellant             :          Case No. 11-CA-16


    For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to Appellant.


        s/ William B. Hoffman_____
        HON. WILLIAM B. HOFFMAN


        s/ Sheila G. Farmer _____
        HON. SHEILA G. FARMER


        s/ Julie A. Edwards_____
        HON. JULIE A. EDWARDS