[Cite as *Toki v. Toki*, 2019-Ohio-817.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SUE E. TOKI | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff – Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 18-CA-00014 |
| LARRY E. TOKI | |
| Defendant – Appellee | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Perry County Court of Common Pleas, Case No. 22480 |
| JUDGMENT: | Affirmed in part and Remanded in part |
| DATE OF JUDGMENT ENTRY: | March 7, 2019 |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellant | For Defendant-Appellee |
| RYAN SHEPLER<br>Kernen & Shepler, LLC<br>158 East Main Street<br>P.O. Box 388<br>Logan, Ohio  43138-0388 | RICHARD A. L. PIATT<br>MEGAN M. GIBSON<br>Saia & Piatt, Inc.<br>713 South Front Street<br>Columbus, Ohio  43206 |

*Hoffman, J.*

{¶1} Plaintiff-appellant Sue Toki appeals the August 10, 2018 Judgment Entry entered by the Perry County Court of Common Pleas, which denied her charge in contempt against defendant-appellee Larry E. Toki.

### STATEMENT OF THE FACTS AND CASE

{¶2} The parties were married on March 29, 1969. Appellant filed a Complaint for Divorce on December 9, 1992. The matter came on for final hearing before the referee on April 12, 1994. The referee filed a Journal Entry: Referee's Report on August 16, 1994, from which both parties filed objections. The trial court adopted the referee's report except for the determination of child support and the division of Appellee's P.E.R.S. pension.

{¶3} In an Amended Referee's Report filed November 7, 1994, the referee determined Appellant's interest in Appellee's pension was $53,531.48. The referee recommended Appellant have the right to withdraw said amount once Appellee began to draw on his pension. Appellant objected to the report, arguing the language was unclear as to whether the $53,531.48 amount awarded to her from Appellee's pension was a fixed amount, and the referee failed to consider interest earned on those funds in the years prior to Appellee's retirement.

{¶4} Via Entry filed December 1, 1994, the trial court adopted the referee's Amended Report except for the division of Appellee's P.E.R.S. pension. The trial court ordered:

[Appellant] is to receive $53,531.48 from the Pension Plan of [Appellee]. [Appellant] shall receive her funds by means of a formula for division of any moneys received by [Appellee] which formula grants [Appellant] half of the pension that existed at the time of the divorce, plus income earned by her share, but no additional increase of years of service earned by [Appellee].  This Court orders [Appellee] to pay [Appellant] a portion of any and all P.E.R.S. funds received by him or his estate based on the following formula.  The formula is:

½ x _____ 23 years _____

Total Number of Years of P.E.R.S. Employment at Time the Funds are Received.

This formula will apply to any lump sum distributions received by [Appellee] as well as monthly payments received by [Appellee].  No payments shall be due from [Appellee] to [Appellant] until such time as pension benefits are received by [Appellee] from the Public Employees Retirement System of Ohio.

**{¶5}**  Appellee retired in 2002, with 32.5 years of service credit from the state of Ohio.  On or about June 21, 2002, Appellee paid Appellee $20,000, via personal check, as "Partial Divorce Settlement/Retirement Funds".  It is undisputed Appellee made no further payments to Appellant.

**{¶6}** On April 12, 2017, Appellant filed a Charge in Contempt based upon Appellee's failure to pay the remaining funds due her. Contemporaneously therewith, Appellant filed a Motion to Construe Decree of Divorce. The magistrate conducted a hearing on the motions on October 25, 2017. Via Magistrate's Decision and Order filed October 26, 2017, the magistrate denied both motions, finding Appellant was barred by the doctrine of laches. Appellant filed a timely request for findings of fact and conclusions of law. The magistrate issued a Decision and Order on May 25, 2018, which included findings of fact and conclusions of law. Appellant filed timely objections to the magistrate's decision.

**{¶7}** Via Judgment Entry filed August 10, 2018, the trial court overruled Appellant's Charge in Contempt, finding laches barred her action for contempt. The trial court noted the delay of 15 years before asserting her right, finding the delay was unreasonable and there was no excuse for it.

**{¶8}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED BY RELYING ON LACHES TO BAR DIVISION OF THE PENSION.

II. THE TRIAL COURT ERRED BY FAILING TO ADDRESS THE AMENDED MOTION TO CONSTRUE DECREE OF DIVORCE.

I

{¶9} In her first assignment of error, Appellant asserts the trial court erred in applying the doctrine of laches to bar the division of Appellee's pension. Appellant sought enforcement of the trial court's December 1, 1994 Judgment Entry by way of a contempt motion.

{¶10} To grant or deny a motion for contempt rests within the trial court's sound discretion. *State ex. rel. Adkins v. Sobb*, 39 Ohio St.3d 34, 35, 528 N.E.2d 1247 (1988). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983).

{¶11} Laches has been defined by the Ohio Supreme Court as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 472 N.E.2d 328, quoting *Smith v. Smith* (1959), 168 Ohio St. 447, 156 N.E.2d 113. "Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." *Connin*, supra. Similarly, prejudice in a laches defense is generally not inferred merely from inconvenience or the passage of time. See *Smith, supra,* at 457, 156 N.E.2d 113; *State ex rel. Polo v. Cuyahoga County Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277.

In its August 10, 2018 Judgment Entry, the trial court found:

The Court finds that latches [sic] applies in this case. There was an unreasonable delay and lapse of time in asserting [Appellant's] right. [Appellee] retired in June, 2002. [Appellant] filed a Charge in Contempt 15 years later. There was no excuse for the delay. In fact, [Appellant] testified she did not intend to enforce the Court Order until [Appellee] and her husband exchanged letters in 2016. [Appellant] knew [Appellee] had only paid her the total sum of $20,000.00 for the pension payments. [Appellee] would be prejudiced to be required to pay 35% of his monthly pension payments he has received since June, 2002.

The Charge in Contempt is, therefore, denied. *Id.* at 4.

**{¶12}** We do not find the trial court abused its discretion in applying the doctrine of laches as it relates to Appellant's contempt charge. As noted by the trial court, Appellant waited some 15 years after receiving the initial payment from Appellee in 2002, before attempting to enforce the December 1, 1994 Entry. Appellant indicated she did not intend to enforce the Entry until her husband and Appellee exchanged a series of contentious letters in 2016. Such a delay is unreasonable under the circumstances. Appellee receives $3,702.28 per month from his pension, and works a part-time job to meet his financial obligations. As calculated by the trial court, Appellee would owe Appellant 35% of his monthly pension income. We do not disagree with the trial court's conclusion requiring Appellant to make monthly payments of 1/3 of his income to Appellee would create a financial hardship for him.

**{¶13}** Based upon the foregoing, Appellant's first assignment of error is overruled.

II

{¶14} In her second assignment of error, Appellant submits the trial court erred in failing to address her Amended Motion to Construe Decree of Divorce.

{¶15} The trial court provided a detailed analysis, applying the formula set forth in the December 1, 1994 Entry:

The fraction referred to in the Entry filed on December 1, 1994 dividing the pension was a coverture fraction. The 1994 Entry awarded [Appellant] her marital share of the pension plus the income earned by her share. The coverture fraction was used to determine the amount of the payments [Appellee] was to pay [Appellant] for her share of the pension and the appreciation of her share.

In the 1994 Entry, the 23 years should be divided by 32.5. The 23 represents [Appellee's] credited service accumulated during the marriage. The parties filed agreed stipulations of fact on July 24, 2017 in which they represented to the Court that [Appellee] accrued 32.5 years of service credit during the course of his P.E.R.S. employment. Therefore, 23 years of service credit during the marriage divided by 32.5 years of total service is .71. The formula requires that .71 be multiplied by one-half., [sic] which is .35. This formula was ordered to be used to apply to any lump sum distributions by [Appellee], as well as any monthly payments received by [Appellee]. [Appellee] did not receive any lump sum distributions from his pension. He did receive monthly distributions. Therefore, the 1994 Entry

required [Appellee] to pay to [Appellant] 35% of each monthly payment received by [Appellee]. The parties stipulated [Appellee] made a single payment to [Appellant] by virtue of a check in the amount of $20.000.00 dated June 21, 2002. August 10, 2018 Judgment Entry at 2.

**{¶16}** The trial court discussed the parties' relative positions, concluded laches applied, and expressly denied Appellant's Charge in Contempt. However, despite its analysis of the 1994 entry noted above, the trial court did not specifically rule on Appellant's Amended Motion to Construe Decree of Divorce. It is unclear whether the trial court also intended to deny the motion to construe based upon laches. The statement, "[Appellee] would be prejudiced to be required to pay 35% of his monthly pension payments he has received since June, 2002", suggests the trial court would find laches applicable if it construed the December 1, 1994 Entry. It should be noted the magistrate in her decision and order filed May 24, 2018, expressly overruled both motions. While we agree laches may be a defense to a contempt charge, we are not convinced it applies to a monetary judgement. See, *Smith*, supra at 457; *Dyrdek v. Dyrdek*, 4th Dist. Washington No. 09CA29, 2010-Ohio-2329.

**{¶17}** Issues remain as to whether Appellant is entitled to $53,531.48 plus interest, adjusted down by the $20,000 payment received, based upon a collection formula or entitled to application of the formula to all monthly benefits Appellee has received or will receive in the future. It would seem while laches does not bar collection of the original definite amount set forth in the 1994 judgment, it is arguable whether it is available if the formula is applied to all retirement benefits Appellee has already received

and/or will receive in the future. Perhaps laches may well apply to such formula application up to the date Appellant filed her original motion to construe the 1994 entry. Perhaps not. We feel these issues need further consideration by the trial court.

**{¶18}** Accordingly, we remand the matter to the trial court to specifically rule on Appellant's Amended Motion to Construe in accordance with the analysis set forth herein.

**{¶19}** Appellant's second assignment of error is sustained.

**{¶20}** The judgment of the Perry County Court of Common Pleas is affirmed in part, and remanded to the trial court to rule on Appellant's Amended Motion to Construe.

By: Hoffman, J.
Gwin, P.J. and
Wise, J. concur