[Cite as *Toki v. Toki*, 2020-Ohio-130.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SUE E. TOKI | JUDGES: |
| | Hon. William B. Hoffman, P.J |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 19-CA-00009 |
| LARRY E. TOKI | |
| | |
| Defendant-Appellee | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Perry County Court of Common Pleas, Case No. 22480 |
| JUDGMENT: | Affirmed in part and Reversed and Remanded in part |
| DATE OF JUDGMENT ENTRY: | January 15, 2020 |
| APPEARANCES: | |


| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| RYAN SHEPLER | RICHARD A. L. PIATT |
| Kernen & Shepler, LLC | MEGAN M. GIBSON |
| 158 East Main Street | Saia & Piatt, Inc. |
| P.O. Box 388 | 713 South Front Street |
| Logan, Ohio 43138-0388 | Columbus, Ohio 43206 |

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Sue Toki appeals the August 10, 2018 Judgment Entry entered by the Perry County Court of Common Pleas, which denied her Amended Motion to Construe Decree of Divorce, following this Court's remand order in *Toki v. Toki*, 5th Dist. Perry App. No. 18-CA-00014, 2019-Ohio-817. Defendant-appellee is Larry E. Toki.

STATEMENT OF THE FACTS AND CASE

**{¶2}** The parties were married on March 29, 1969. Appellant filed a Complaint for Divorce on December 9, 1992. The matter came on for final hearing before the referee on April 12, 1994. The referee filed a Journal Entry: Referee's Report on August 16, 1994, from which both parties filed objections. The trial court adopted the referee's report except for the determination of child support and the division of Appellee's P.E.R.S. pension.

**{¶3}** In an Amended Referee's Report filed November 7, 1994, the referee determined Appellant's interest in Appellee's pension was $53,531.48. The referee recommended Appellant have the right to withdraw said amount once Appellee began to draw on his pension. Appellant objected to the report, arguing the language was unclear as to whether the $53,531.48 amount awarded to her from Appellee's pension was a fixed amount, and the referee failed to consider interest earned on those funds in the years prior to Appellee's retirement.

**{¶4}** Via Entry filed December 1, 1994, the trial court adopted the referee's Amended Report except for the division of Appellee's P.E.R.S. pension. The trial court ordered:

> [Appellant] is to receive $53,531.48 from the Pension Plan of
>
> [Appellee]. [Appellant] shall receive her funds by means of a formula for

division of any moneys received by [Appellee] which formula grants [Appellant] half of the pension that existed at the time of the divorce, plus income earned by her share, but no additional increase of years of service earned by [Appellee]. This Court orders [Appellee] to pay [Appellant] a portion of any and all P.E.R.S. funds received by him or his estate based on the following formula. The formula is:

½ x 23 years

Total Number of Years of P.E.R.S. Employment at Time the Funds are Received.

This formula will apply to any lump sum distributions received by [Appellee] as well as monthly payments received by [Appellee]. No payments shall be due from [Appellee] to [Appellant] until such time as pension benefits are received by [Appellee] from the Public Employees Retirement System of Ohio.

**{¶5}** Appellee retired in 2002, with 32.5 years of service credit from the state of Ohio. On or about June 21, 2002, Appellee paid Appellant $20,000, via personal check, as "Partial Divorce Settlement/Retirement Funds". It is undisputed Appellee made no further payments to Appellant.

**{¶6}** On April 12, 2017, Appellant filed a Charge in Contempt based upon Appellee's failure to pay the remaining funds due her. Contemporaneously therewith, Appellant filed a Motion to Construe Decree of Divorce. The magistrate conducted a hearing on the motions on October 25, 2017. Via Magistrate's Decision and Order filed

October 26, 2017, the magistrate denied both motions, finding Appellant was barred by the doctrine of laches. Appellant filed a timely request for findings of fact and conclusions of law. The magistrate issued a Decision and Order on May 25, 2018, which included findings of fact and conclusions of law. Appellant filed timely objections to the magistrate's decision.

{¶7} Via Judgment Entry filed August 10, 2018, the trial court overruled Appellant's Charge in Contempt, finding laches barred her action for contempt. The trial court noted the delay of 15 years before asserting her right, finding the delay was unreasonable and there was no excuse for it. Appellant appealed the decision to this Court. Therein, Appellant raised two assignments of error, to wit: The trial court erred by relying on laches to bar division of the pension; and (II) the trial court erred by failing to address the amended motion to construe decree of divorce.

{¶8} We overruled Appellant's first assignment of error, finding the trial court did not abuse its discretion in applying laches as it related to Appellant's contempt charge. *Toki v. Toki*, 5th Dist. Perry App. No. 18-CA-00014, 2019-Ohio-817. However, we sustained Appellant's second assignment of error, finding "the trial court did not specifically rule on Appellant's Amended Motion to Construe Decree of Divorce" and it was "unclear whether the trial court also intended to deny the motion to construe based upon laches." *Id.* at para. 16.

{¶9} We remanded the matter to the trial court to specifically rule on Appellant's Amended Motion to Construe, stating:

Issues remain as to whether Appellant is entitled to $53,531.48 plus interest, adjusted down by the $20,000 payment received, based upon a collection formula or entitled to application of the formula to all monthly benefits Appellee has received or will receive in the future. It would seem while laches does not bar collection of the original definite amount set forth in the 1994 judgment, it is arguable whether it is available if the formula is applied to all retirement benefits Appellee has already received and/or will receive in the future. Perhaps laches may well apply to such formula application up to the date Appellant filed her original motion to construe the 1994 entry. Perhaps not. We feel these issues need further consideration by the trial court. *Id.* at para. 17.

**{¶10}** Pursuant to this Court's remand order, the trial court ruled on Appellant's Amended Motion to Construe, denying the same via Judgment Entry filed August 10, 2018.  The trial court found laches was a defense to Appellant's Amended Motion to Construe.  The trial court further found requiring Appellee to make monthly payments of a portion of his retirement benefits to Appellant would create a financial hardship for him; therefore, was prejudicial.

**{¶11}** It is from this judgment entry Appellant appeals, raising as her sole assignment of error:

I. THE TRIAL COURT ERRED BY DENYING THE AMENDED MOTION TO CONSTRUE DECREE OF DIVORCE RATHER THAN APPROPRIATELY INTERPRETING THE DECREE.

**{¶12}** In her sole assignment of error, Appellant maintains the trial court erred in denying her Amended Motion to Construe. Appellant submits the trial court's cursory denial of her motion was inconsistent with this Court's remand order.

**{¶13}** Laches has been defined by the Ohio Supreme Court as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 472 N.E.2d 328, quoting *Smith v. Smith* (1959), 168 Ohio St. 447, 156 N.E.2d 113. In order to successfully invoke the doctrine, the following four elements must be establish, by a preponderance of the evidence: (1) unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for the delay; (3) knowledge, actual or constructive, of the injury or wrong; and (4) prejudice to the other party. See, *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603, 605, 646 N.E.2d 173. Delay in asserting a right does not, without more, establish laches. Rather, the person invoking the doctrine must show the delay caused material prejudice. *Connin,* 15 Ohio St.3d at 35-36, 472 N.E.2d 328; *Smith,* paragraph three of the syllabus.

**{¶14}** A party's assertion of financial prejudice does not, as a matter of law, sufficiently demonstrate "material prejudice." *Smith v. Smith*, 168 Ohio St. 447, 156 N.E.2d 113 (1959). "The mere inconvenience of having to meet an existing obligation imposed * * * by an order or judgment of a court of record at a time later than that specified

in such * * * order cannot be called material prejudice." *Id.; State ex rel. Donovan v. Zajac,* 125 Ohio App.3d 245, 250, 708 N.E.2d 254 (1998). Instead, to establish "material prejudice," the party invoking the laches doctrine must show either: (1) the loss of evidence helpful to the case; or (2) a change in position which would not have occurred if the right had been promptly asserted. *Donovan,* 125 Ohio App.3d at 250, 708 N.E.2d 254. See, also, *Weber v. Weber,* 4th Dist. Jackson App. No. 01CA7, 2001-Ohio-2648*.*

{¶15} Pursuant to the December 1, 1994 Entry, Appellee was legally obligated to pay Appellant $53,531.48, plus interest. Appellee paid Appellant a lump sum payment of $20,000, on or about June 21, 2002, as "Partial Divorce Settlement/Retirement Funds". Appellee made no further payments to Appellant.

{¶16} We find Appellee's original legal obligation to Appellant as set forth in the trial court's December 1, 1994 Entry is not barred by laches. To find otherwise would not be reflective of the trial court's intent. Pursuant to the original decree, Appellant was awarded earned interest on the $53,531.48 as of the date of Appellee's retirement. Accordingly, Appellant is entitled to $53,531.48 plus the annual legal rate of simple interest on $53,531.48, not compounded, less the $20,000.00 payment. Appellant is not entitled to any potential accrual of interest after 2002, as the same is barred by laches.

{¶17} Our ruling today merely calls upon Appellee to comply with an obligation imposed upon him by an existing court order. While Appellee may have changed his financial position in reliance upon his belief Appellant would not seek to enforce the order, this prejudice is insufficient as a matter of law to support a defense of laches.

**{¶18}**  Based upon the foregoing, we reverse the trial court's finding laches applies to the entire amount which remains due to Appellant, but affirm its finding laches applies to any growth on the amount after June, 2002.

**{¶19}**  The judgment of the Perry County Court of Common Pleas is affirmed in part, and reversed and remanded in part, and the matter remanded to the trial court to determine the amount Appellee owes Appellant in accordance with this Opinion and enter judgment accordingly.

By: Hoffman, P.J.
Wise, John, J.  and
Delaney, J. concur