[Cite as *Toki v. Toki*, 2021-Ohio-128.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SUE E. TOKI | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 20 CA 00010 |
| LARRY E. TOKI | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  22480


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT ENTRY:     January 21, 2021


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

RYAN SHEPLER                          NO APPEARANCE
KERNEN & SHEPLER, LLC
158 East Main Street, P.O. Box 388
Logan, Ohio  43138-0388

*Wise, John, J.*

**{¶1}** Appellant, Sue Toki, appeals the judgment entry of March 11, 2020, erring in calculating the interest due to Appellant. Appellee is Larry Toki. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** The parties were married on March 29, 1969. Appellant filed a Complaint for Divorce on December 9, 1992. The matter came on for final hearing before the referee on April 12, 1994. The referee filed a Journal Entry: Referee's Report on August 16, 1994, from which both parties filed objections. The trial court adopted the referee's report except for the determination of child support and the division of Appellee's P.E.R.S. pension.

**{¶3}** In an Amended Referee's Report filed November 7, 1994, the referee determined Appellant's interest in Appellee's pension was $53,531.48. The referee recommended Appellant have the right to withdraw said amount once Appellee began to draw on his pension. Appellant objected to the report, arguing the language was unclear as to whether the $53,531.48 amount awarded to her from Appellee's pension was a fixed amount, and the referee failed to consider interest earned on those funds in the years prior to Appellant's retirement.

**{¶4}** Via Entry filed December 1, 1994, the trial court adopted the referee's Amended Report except for the division of Appellee's P.E.R.S. pension. The trial court ordered:

[Appellant] is to receive $53,531.48 from the Pension Plan of [Appellee]. [Appellant] shall receive her funds by means of a formula for division of any moneys received by [Appellee] which formula grants

[Appellant] half of the pension that existed at the time of the divorce, plus income earned by her share, but no additional increase of years of service earned by [Appellee]. This Court orders [Appellee] to pay [Appellant] a portion of any and all P.E.R.S. funds received by him or his estate based on the following formula. The formula is:

½ x 23 years

Total Number of Years of P.E.R.S. Employment at Time the Funds are Received.

This formula will apply to any lump sum distributions received by [Appellee] as well as monthly payments received by [Appellee]. No payments shall be due from [Appellee] to [Appellant] until such time as pension benefits are received by [Appellee] from the Public Employees Retirement System of Ohio.

{¶5}    Appellee retired in 2002, with 32.5 years of service credit from the state of Ohio. On or about June 21, 2002, Appellee paid Appellant $20,000, via personal check, as "Partial Divorce Settlement/Retirement Funds." It is undisputed Appellee made no further payments to Appellant.

{¶6}    On April 12, 2017, Appellant filed a Charge in Contempt based upon Appellee's failure to pay the remaining fund due her. Contemporaneously therewith, Appellant filed a Motion to Construe Decree of Divorce. The magistrate conducted a hearing on the motions on October 25, 2017. Via Magistrate's Decision and Order filed October 26, 2017, the magistrate denied both motions, finding Appellant was barred by the doctrine of laches. Appellant filed a timely request for findings of fact and conclusions

of law. The magistrate issued a Decision and Order on May 25, 2018, which included findings of fact and conclusions of law. Appellant filed timely objections to the magistrate's decision.

{¶7} Via Judgment Entry filed August 10, 2018, the trial court overruled Appellant's Charge in Contempt, finding laches barred her action for contempt. The trial court noted the delay of 15 years before asserting her right, finding the delay was unreasonable and there was no excuse for it. Appellant appealed the decision to this Court. Therein, Appellant raised two assignments of error, to wit: (I) The trial court erred by relying on laches to bar division of the pension; and (II) the trial court erred by failing to address the amended motion to construe decree over divorce.

{¶8} We overruled Appellant's first assignment of error, finding the trial court did not abuse its discretion in applying laches as it related to Appellant's contempt charge. *Toki v. Toki*, 5th Dist. Perry App. No. 18-CA-00014, 2019-Ohio-817. However, we sustained Appellant's second assignment of error, finding "the trial court did not specifically rule on Appellant's Amended Motion to Construe Decree of Divorce" and it was unclear whether the trial court also intended to deny the motion to construe based upon laches." *Id.* at ¶16.

{¶9} We remanded the matter to the trial court to specifically rule on Appellant's Amended Motion to Construe, stating:

Issues remain as to whether Appellant is entitled to $53,531.48 plus interest, adjusted down by the $20,000 payment received, based upon a collection formula or entitled to application of the formula to all monthly benefits Appellee has received or will receive in the future. It would seem

while laches does not bar collection of the original definite amount set forth in the 1994 judgment, it is arguable whether it is available if the formula is applied to all retirement benefits Appellee has already received and/or will receive in the future. Perhaps laches may well apply to such formula application up to the date Appellant filed her original motion to construe the 1994 entry. Perhaps not. We feel these issues need further consideration by the trial court. *Id.* at ¶17.

**{¶10}** Pursuant to this Court's remand order, the trial court ruled on Appellant's Amended Motion to Construe, denying the same via Judgment Entry filed on August 10, 2018. The trial court found laches was a defense to Appellant's Amended Motion to Construe. The trial court further found requiring Appellee to make monthly payments of a portion of his retirement benefits to Appellant would create a financial hardship for him; therefore, was prejudicial.

**{¶11}** From this judgment entry Appellant filed a second appeal to this Court. *Toki v. Toki*, 5th Dist. Perry No. 19-CA-00009, 2020-Ohio-130.

**{¶12}** In the second appeal, this Court stated, "Pursuant to the original decree, Appellant was awarded earned interest on the $53,531.48 as of the date of Appellee's retirement. Accordingly, Appellant is entitled to $53,531.48 plus the annual legal rate of simple interest on $53,531.48, not compounded, less the $20,000.00 payment." *Id.* at ¶16. We continued, "Appellant is not entitled to any potential accrual of interest after 2002, as the same is barred by laches." *Id.*

**{¶13}** On remand, the trial court calculated the interest beginning on Appellee's date of retirement, June 30, 2002, through the end of 2002, entering an amount of $34,705.08.

**ASSIGNMENT OF ERROR**

**{¶14}** On March 31, 2020, Appellant filed a notice of appeal. She herein raises the following Assignment of Error:

**{¶15}** "I. THE TRIAL COURT ERRED IN CALCULATING INTEREST DUE TO MS. TOKI."

**I.**

**{¶16}** In Appellant's sole Assignment of Error, Appellant argues the trial court erred in calculating the interest owed to Appellant. We agree.

**{¶17}** As noted above, this Court held, "Appellant was awarded earned interest on the $53,531.48 as of the date of Appellee's retirement." *Id.* This Court also stated, "laches applies to any growth on the amount after June, 2002." *Id.* In other words, the interest should be calculated from the date of the judgment entry through the Appellee's date of retirement.

**{¶18}** The trial court erroneously calculated interest only from the date of retirement, June 30, 2002, through December 31, 2002. The correct time period for the interest to be calculated is December 1, 1994 through June 30, 2002. Therefore, Appellant is entitled to $53,541.48 plus the annual legal rate of simple interest on $53,541.48 for the period December 1, 1994 through June 30, 2002, not compounded, less the $20,000 payment.

**{¶19}**  Based upon the foregoing, we reverse the trial court's erroneous calculation of interest and remand to the trial court to determine the amount Appellee owes Appellant in accordance with this Opinion and enter judgment accordingly.

**{¶20}**  Appellant's sole Assignment of Error is well taken.

**{¶21}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed, and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

.

JWW/br 0120